UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:19-cr-00315-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Motion for Compassionate Release** |
| Gina Marcks, | [ECF No. 220] |
| Defendant | |

Gina Marcks is less than a year into a 36-month sentence after pleading guilty to one count of conspiracy to commit wire fraud and one count of aggravated identity theft.[1] She moves pro se for compassionate release, arguing that her need to take care of her husband who suffered a stroke, coupled with an injury she suffered while in prison are extraordinary and compelling circumstances that warrant her early release.[2] Because I find that Marcks's asserted reasons for sentence modification are not extraordinary or compelling, I deny her motion.

**Discussion**

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[3] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[4] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed

---

[1] ECF No. 76 at 4; ECF No. 223 at 1.

[2] ECF No. 220.

[3] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[4] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

to get the Bureau of Prisons to bring such a motion on her behalf.[5]  The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[6]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7]

Assuming without deciding that Marcks exhausted her administrative remedies,[8] I deny her motion on its merits because she has not shown that her compassionate release is warranted. Marcks contends that she needs to take care of her husband, who suffered a stroke in January 2016.[9]  She alleges that she has been her husband's caretaker, "taking care of all his needs" and ensuring that he "shower, [eat] food, [and maintain] physical care."[10]  She says that, if released, she would "get[] [a] place and . . . take care of [her] husband."[11]

But this need to care for her husband is not new.  In fact, it was a key mitigation factor at sentencing.[12]  I noted at the 2024 sentencing hearing that I had thoroughly considered Marcks's need to care for her husband and that I was sympathetic, but it wasn't enough to justify a non-

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i).
[6] *Id.*
[7] *Id.*
[8] *See* ECF No. 223 at 5 n.1 (reciting Marcks's efforts to exhaust the process).
[9] ECF No. 220 at 17.
[10] *Id.*
[11] *Id.*
[12] See ECF No. 181 at 7; ECF No. 219 at 17.

custodial sentence.[13] Marcks has not provided any evidence to suggest that there has been a change since the last time I considered this issue that warrants her release now.

Marcks also seeks release on the basis that she is "at risk of serious deterioration in health" because she fell while in prison, sustaining a broken patella, and has not received surgery.[14] She also alleges that, because she is 74 years old, her "memory is not as sharp as it was."[15] But she does not provide any medical documentation about her injury or her need for surgery, or any evidence showing that her age or the memory issues she describes impact her ability to care for herself. Without evidence to support her statements, I cannot find that Marcks has met her heavy burden of establishing that extraordinary and compelling reasons justify her release.

Even if I were to find that Marcks has shown extraordinary and compelling circumstances, I would still deny her request because the short time that she has served of her sentence weighs heavily against her early release. Marcks has served less than half of her three-year prison sentence. At sentencing, I considered her lack of criminal history, her age, and her full compliance while on pretrial supervision.[16] And while I recognize that Marcks pled guilty to a non-violent offense, her actions were not without serious impact on the community. As I noted at her sentencing, the crime for which she was sentenced involved a well-orchestrated and executed scheme that was far-reaching—cheating 2,700 victims out of more than $2 million over

---

[13] ECF No. 219 at 25.
[14] *Id.*
[15] ECF No. 220 at 17.
[16] ECF No. 219 at 24:23–25:9.

3

a two-and-a-half-year period.[17]  Marcks's history and characteristics, coupled with the need to promote respect for the law weigh heavily against cutting her sentence by more than half.

**Conclusion**

IT IS THEREFORE ORDERED that Gina Marcks's motion for compassionate release **[ECF No. 220] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 26, 2025

---

[17] *Id.* at 24:18–22.